IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRYANT A. GARDNER,

        Plaintiff,

vs.

BURKLEY ENVELOPE COMPANY,

        Defendant.

8:18CV291

MEMORANDUM
AND ORDER

Plaintiff Bryant Gardner ("Plaintiff" or "Gardner") filed his Complaint on June 25, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). In conducting this initial review, the court will consider Plaintiff's Amended Complaint (filing no. 6) as supplemental to the original Complaint. *See* NECivR 15.1.

## I. SUMMARY OF COMPLAINT

Gardner names Burkley Envelope Company ("Burkley") as the sole Defendant in this case. Gardner alleges that he filed a negligence action against Burkley in the District Court of Douglas County, Nebraska, on December 8, 2016. The state district court later granted Burkley's motion to dismiss Gardner's action based on its determination that the four-year statute of limitations governing negligence claims barred Gardner's cause of action and no excuse for tolling the statute of limitations was alleged. Gardner alleges the state district court and "the Appeal court erred in finding that his suit was barred by the statute of limitations" because "the statute of limitations did not 'attach' because he is currently under disability and remains totally disabled for all practical purposes." (Filing No. 1 at CM/ECF p. 2; Filing No. 6 at CM/ECF p. 2.) Gardner now asks this court to

review "the Decision of the Nebraska Supreme Court, the November 10, 2011 & July 17, 2015 order[,] [t]he Decision of the Nebraska Court of Appeals, and the underline [sic] decision of the district court in this case" and to "over-turn the decision of the district court for its abuse of discretion." (Filing No. 6 at CM/ECF pp. 1, 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

# III. DISCUSSION OF CLAIMS

Gardner expressly seeks review of the judgments of the District Court of Douglas County, the Nebraska Court of Appeals, and the Nebraska Supreme Court. This court lacks jurisdiction to review those judgments under the *Rooker-Feldman* doctrine, and Gardner's Complaint must be dismissed.

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. In short, the "*Rooker-Feldman* doctrine" bars this court from correcting or altering a state court judgment, and no declaratory or injunctive relief is available in this court to do so. Importantly, *Rooker-Feldman* bars "straightforward appeals" as well as "more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000), implied overruling on other grounds recognized by *Shelby Cnty. Health Care Corp. v. Southern Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 841 (8th Cir. 2017). Thus, where a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim is barred by *Rooker-Feldman* because it is "inextricably intertwined with specific claims already adjudicated in state court." *Lemonds*, 222 F.3d at 492–93 (internal quotation omitted); *see also Gisslen v. City of Crystal, Minn.*, 345 F.3d 624, 627 (8th Cir. 2003) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues . . . are inextricably intertwined.") (internal quotation omitted).

Because Gardner seeks appellate review of Nebraska state court judgments, the *Rooker-Feldman* doctrine bars consideration of Gardner's Complaint. Accordingly, the court will dismiss this case for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff's Complaint (filing no. 1) is dismissed without prejudice. The court will enter judgment by separate document.

Dated this 7th day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge